## STATE of Maine

v.

## Carl CURTIS.

Supreme Judicial Court of Maine.

Argued Sept. 16, 1983.

Decided Oct. 12, 1983.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Conte, Growe, Lunn & McCue, Lawrence A. Lunn (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, and GLASSMAN, JJ., and DUFRESNE, A.R.J.

amended to delete the hearing *de novo*.

## MEMORANDUM OF DECISION.

The defendant, Carl Curtis, appeals from a conviction in Superior Court (Penobscot County) for possession of a firearm on November 7, 1982, by one who previously had been convicted of a crime punishable by one year or more imprisonment, in violation of 15 M.R.S.A. § 393 (1980). The two issues raised on appeal worthy of consideration were resolved in *State v. Myrick,* 436 A.2d 379 (Me.1981), and more recently in *State v. Vainio,* 466 A.2d 471 (Me.1983). In *Myrick,* we held that 15 M.R.S.A. § 393 does not constitute *ex post facto* legislation or a bill of attainder. *Myrick,* 436 A.2d at 383–84. In *Vainio,* we held that under the plain meaning of section 393 an individual convicted of a crime punishable by incarceration for one or more years falls within the reach of section 393, although the crime for which he was convicted is now punishable by incarceration for less than one year. *Vainio,* No. 3341, at 475. Both issues the defendant raised on appeal are therefore without merit.

The entry is:

Judgment affirmed.

All concurring.